UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DENELL JORDAN,<br><br>    Plaintiff,<br><br>  v.<br><br>CARLOS ARCE, et al.,<br><br>    Defendants. | Case No. 25-cv-02261-PCP<br><br>**ORDER OF DISMISSAL WITH PARTIAL LEAVE TO AMEND** |

    Antoine Jordan, an inmate at the California State Prison for Los Angeles County, filed this pro se civil rights action regarding events which occurred while he was incarcerated at Salinas Valley State Prison ("SVSP"). United States Magistrate Judge Sallie Kim dismissed Mr. Jordan's original complaint with leave to amend. Dkt. No. 8. Mr. Jordan filed an amended complaint, Dkt. Nos. 9–10 ("FAC"), and Magistrate Judge Kim concluded this case needed to be reassigned to a district judge because a dispositive decision was required, Dkt. No. 12.

    Mr. Jordan's amended complaint now is before the Court for review. For the reasons stated below, the amended complaint is dismissed with leave to amend as to defendants Estrada, Raymundo, Gonzalez-Gomez, and Tomlinson only.[1] Defendant Arce is dismissed from this action without leave to amend. The Clerk shall update the caption to reflect that this defendant has been dismissed.

**I.    Background**

    At all relevant times, defendant Tomlinson was the librarian at SVSP. Dkt. No. 10, at 24. Defendants Estrada, Gonzalez-Gamez, and Raymundo were correctional officers at SVSP, and

---

[1] Defendant Tomlinson initially was sued as a Jane Doe. The Clerk shall update the caption to reflect that this defendant's identity has been discovered.

defendant Arce was the warden of SVSP. *See* Dkt. No. 8.

On March 10, 2023, Mr. Jordan gave legal documents to defendant Tomlinson to be photocopied. Dkt. No. 9, at 1. These were "very sensitive legal documents" because they showed that Mr. Jordan had been convicted of a sex crime. Dkt. No. 10 at 22. Mr. Jordan represents that CDCR regulations prohibit staff from showing these documents "to any inmates in the prison population whatsoever."[2] *Id*. Mr. Jordan "gave [defendant] Tomlinson specific instructions not to let her clerk see, touch, read, or copy" the documents, and defendant Tomlinson agreed. Dkt. No. 9, at 1. Despite these instructions, defendant Tomlinson gave the documents "to her inmate [library] clerk to make copies." Dkt. No. 10, at 22. The inmate library clerk "made an extra copy" and showed that extra copy "to the inmate population all throughout SVSP B-facility." *Id*.

Mr. Jordan's fellow inmates on B-facility "ordered" him to request a transfer to protective custody. *Id*. Mr. Jordan "did not get a chance to do" so before he was attacked by another inmate. *Id*.

On March 12, 2023, defendant Estrada "electronically opened the front door of SVSP B facility Unit B-5" for non-defendant inmate Lucien. *Id*. Inmate Lucien was "out of bounds" in this unit because he was housed in Unit B-4. *Id*. at 22–23. Mr. Jordan alleges it was "painful[ly] obvious what inmate Lucien's intent was" in entering Unit B-5, and that inmate Lucien "was only there to assault" Mr. Jordan. *Id*. at 23, 31.

Mr. Jordan represents that inmate Lucien assaulted him but does not provide any details regarding that attack. *See id*. At some point during the attack, defendants Raymundo and Gonzalez-Gamez sprayed Mr. Jordan with pepper spray. *See id*. at 31.

## II.     Legal Standard

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim

---

[2] Mr. Jordan attached his conviction record among the exhibits to his Amended Complaint without requesting that the filing be sealed. At this time, these documents are a generally accessible public record. If Mr. Jordan would like these documents to be sealed, he should file a motion to seal at his earliest convenience.

1   upon which relief may be granted, or seek monetary relief from a defendant immune from such
2   relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v.*
3   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    Even though a pro se litigant is entitled to a liberal interpretation of his complaint, that complaint still "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017) (affirming dismissal of a pro se prisoner complaint which did not meet the plausibility standard) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

### III.   Analysis

Mr. Jordan claims that defendants failed to protect him from harm and subjected him to excessive force. At this time, he has not alleged enough to state a claim against any defendant.

#### A.   Failure to Protect

The "'treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care," and to "'take reasonable measures to guarantee the safety of the inmates.'" *Id.* A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, *id*. (citing *Wilson*, 501 U.S. at 297). A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837.

Mr. Jordan has not identified facts which show that defendant Tomlinson had a sufficiently culpable mental state. He does not allege that defendant Tomlinson intentionally gave Mr. Jordan's sensitive documents to the inmate library clerk, rather than accidentally. *See* Dkt. No. 9, at 22. Nor does he allege that defendant Tomlinson knew the inmate library clerk would make an extra copy of the documents and share them with other inmates. *See id*. As Mr. Jordan previously was instructed, he must "set forth specific facts showing how [defendant Tomlinson] knew that sharing [the documents] with her prisoner clerk created an excessive risk to [Mr. Jordan's] safety." Dkt. No. 8, at 3.

Mr. Jordan likewise fails to explain why defendants Estrada, Gonzalez-Gamez, and Raymundo had the required mental state. According to Mr. Jordan's own statements, he had not yet sought protective custody at the time he was attacked by inmate Lucien. *See* Dkt. No. 10, at 22. Instead, Mr. Jordan argues that these officers should have known of inmate Lucien's intent to attack him based merely on the fact that inmate Lucien was "out of bounds" in Mr. Jordan's housing unit. *See id*. at 22, 31. Mr. Jordan does not explain why inmate Lucien entering a housing unit would have alerted officers that inmate Lucien intended to attack anyone, let alone that inmate Lucien intended to attack Mr. Jordan specifically. *See id*. As Mr. Jordan previously was instructed, he must "set forth specific facts showing how [the correctional officers] knew that letting into Plaintiff's housing unit a prisoner from another unit created an excessive risk to Plaintiff's safety." Dkt. No. 8, at 3.

### B. Excessive Force

For an excessive force claim, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992); *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986); *Jeffers v. Gomez*, 267 F.3d 895, 912–13 (9th Cir. 2001) (applying "malicious and sadistic" standard to claim that prison guards used excessive force when attempting to quell a prison riot but applying "deliberate indifference" standard to claim that guards failed to act on rumors of violence to prevent the riot). In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a

4

court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7; *see, e.g., Simmons v. Arnett*, 47 F.4th 927, 933 (9th Cir. 2022) (concluding that guard's decision to shoot the closer of two inmates who were fighting with sponge rounds, which was the lowest level of force available to him, to stop the fight and keep staff and prisoners safe was not an excessive use of force); *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (holding that pepper-spraying fighting inmates a second time after hearing coughing and gagging from prior spray was not malicious and sadistic for purpose of causing harm, where initial shot of spray had been blocked by inmates' bodies).

Here, Mr. Jordan alleges that defendants Gonzalez-Gamez and Raymundo used excessive force when they pepper-sprayed him. Dkt. No. 10 at 31. He argues that the force was excessive because the officers "should have done [their] job[s] and protected" Mr. Jordan from the attack in the first place. *Id*. Mr. Jordan does not explain why pepper spray was not deployed in a good-faith effort to restore discipline by breaking up the fight between inmate Lucien and Mr. Jordan. *See id*.; *see also* Dkt. No. 8 at 4 (explaining to Mr. Jordan that he must include this information in an amended complaint). Mr. Jordan has yet to state a cognizable excessive force claim.

If Mr. Jordan chooses to include an excessive force claim in any amended complaint, he must explain why the officers' actions were an excessive response to violence between inmates.

### C. Defendant Arce

The amended complaint names SVSP's former warden Arce as a defendant but does not include any allegations against him. *See generally* Dkt. Nos. 9, 10. Mr. Jordan previously was informed that he cannot sue warden Arce merely because that person was a supervisor at the time of Mr. Jordan's injury. *See* Dkt. No. 8 at 4. Because Mr. Jordan has not included any "facts showing Arce's personal involvement," *id*., defendant Arce is dismissed from this action without leave to amend.

### IV. Conclusion

1. Mr. Jordan's claims against defendant Arce are dismissed without leave to amend.

5

2.   Mr. Jordan may be able to state cognizable claims for the failure to protect against defendants Tomlinson, Estrada, Raymundo, and Gonzalez-Gamez, and for the use of excessive force against defendants Raymundo and Gonzalez-Gamez. These claims are dismissed with leave to amend at to these defendants only.

3.   Mr. Jordan's SECOND AMENDED COMPLAINT shall be filed within **thirty-five days** from the date this order is filed. The second amended complaint must include the caption and civil case number used in this order (25-cv-2261-PCP) and the words SECOND AMENDED COMPLAINT on the first page. An amended complaint supersedes the original complaint. *See London*, 644 F.2d at 814 ("[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."); *Ferdik*, 963 F.2d at 1262–63 (where an amended complaint did not name all the defendants to an action, they were no longer defendants).

4.   It is Mr. Jordan's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5.   Mr. Jordan is cautioned that he must include the case name and case number on any document he submits to the Court for consideration.

**IT IS SO ORDERED.**

Dated: December 4, 2025

P. Casey Pitts
United States District Judge