United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTOINE DENELL JORDAN,
Plaintiff,

v.

CARLOS ARCE, et al.,
Defendants.

Case No. 25-cv-02261-PCP

**ORDER OF SERVICE**

Antoine Jordan, an inmate at the California State Prison for Los Angeles County, filed this pro se civil rights action regarding events which occurred while he was incarcerated at Salinas Valley State Prison ("SVSP"). United States Magistrate Judge Sallie Kim dismissed Mr. Jordan's original complaint with leave to amend. Dkt. No. 8. Mr. Jordan filed an amended complaint, Dkt. Nos. 9–10 ("FAC"), and Magistrate Judge Kim concluded this case needed to be reassigned to a district judge because a dispositive decision was required, Dkt. No. 12. This Court screened Mr. Jordan's amended complaint pursuant to 28 U.S.C. § 1915A and dismissed it with further leave to amend. Dkt. No. 17.

Mr. Jordan's Second Amended Complaint now is before the Court for review. Dkt. No. 18 ("SAC"). For the reasons stated below, the Court orders defendant Tomlinson to respond to the Second Amended Complaint.

## I. Background

Mr. Jordan's Second Amended Complaint sues only defendant Tomlinson. *See generally* SAC. At all relevant times, defendant Tomlinson was the librarian at SVSP. *Id.* at 1.

On March 10, 2023, Mr. Jordan gave legal documents to defendant Tomlinson to be photocopied. *See id.* at 2. These were "very sensitive legal documents" because they showed that

Mr. Jordan had been convicted of a sex crime. *See id*. at 3.[1] Mr. Jordan gave defendant Tomlinson specific instructions not to let her "inmate [library] clerks to touch, see or read these documents, as this could jeopardize [Mr. Jordan's] safety." *Id*. at 2. Defendant Tomlinson asked to see the documents, Mr. Jordan showed the documents to her, and defendant Tomlinson reviewed the documents and said she "underst[oo]d" and would "personally make copies [her]self and return [the documents] to [Mr. Jordan." *Id*. In reliance on defendant Tomlinson's assurance, Mr. Jordan "entrust[ed] these sensitive documents in defendant Tomlinson's care." *Id*. at 3. Despite this assurance, defendant Tomlinson "handed over these sensitive documents to her prisoner clerks." *Id*. at 4.

An inmate library clerk made a copy of Mr. Jordan's documents and passed that copy to non-defendant inmate Lucien. *See id*. Inmate Lucien attacked Mr. Jordan two days later, "motivated by the sensitive documents." *Id*.

## II. Legal Standard

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Even though a pro se litigant is entitled to a liberal interpretation of his complaint, that complaint still "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017) (affirming dismissal of a pro se prisoner complaint which did not meet the plausibility standard) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads

[1] Mr. Jordan attached his conviction record among the exhibits to his first amended complaint without requesting that the filing be sealed. *See* Dkt. No. 9. At this time, these documents are a generally accessible public record. If Mr. Jordan would like these documents to be sealed, he should file a motion to seal at his earliest convenience.

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

**III. Analysis**

Mr. Jordan claims that defendant Tomlinson violated his Eighth Amendment rights by allowing her inmate library clerks to see, copy, and distribute Mr. Jordan's sensitive documents. *See generally* SAC.

The "'treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care," and to "'take reasonable measures to guarantee the safety of the inmates.'" *Id.* A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, *id*. (citing *Wilson*, 501 U.S. at 297). A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837.

Liberally construed, the Court concludes Mr. Jordan has pleaded facts sufficient to state an Eighth Amendment claim against defendant Tomlinson. He alleges that defendant Tomlinson was made expressly aware of the sensitive content of Mr. Jordan's documents, reviewed the documents herself, confirmed that she understood these documents were sensitive and their contents could jeopardize Mr. Jordan's safety, and agreed she would keep the documents secret. *See id*. at 2–3. Despite knowing the sensitive nature of the documents, defendant Tomlinson allowed other inmates to read, copy, and distribute them. *See id*. These allegations suggest defendant Tomlinson was aware of, but disregarded, an excessive risk to Mr. Jordan's safety. *Farmer*, 511 U.S. at 837.

**IV. CONCLUSION**

1. The Second Amended Complaint states a cognizable Eighth Amendment claim against defendant Tomlinson.

2. The Court orders service of the Second Amended Complaint on defendant Tomlinson and orders her to respond to Mr. Jordan's Eighth Amendment failure-to-protect claim. Service on defendant Tomlinson shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") E-Service Program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: The second amended complaint and exhibits thereto (Dkt. No. 18), this order of service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on Mr. Jordan.

3. No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall provide the Court a Completed CDCR Report of E-Service Waiver advising the Court whether defendant Tomlinson will be waiving service of process without the need for service by the United States Marshal Service ("USMS"), or whether defendant Tomlinson declined to waive service or could not be reached.

4. CDCR shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within **twenty-one (21) days**, shall file with the Court a waiver of service of process for each defendant who is waiving service.

5. If defendant Tomlinson does not waive service, then upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons, and the operative complaint for service upon the non-waiving defendant. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

6. No later than **ninety (90) days** from the filing date of this order, defendant Tomlinson shall file **one comprehensive motion for summary judgment or other dispositive motion** with respect to the Amended Complaint. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. A motion for summary judgment also must be accompanied by a separate *Rand* notice so that Mr. Jordan will have fair, timely and adequate notice of what is

required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). Defendant Tomlinson is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.

7. If defendant Tomlinson is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the Court prior to the date the summary judgment motion is due. Information regarding the Court's Alternative Dispute Resolution Program is available on the website for the United States District Court for the Northern District of California.

8. Mr. Jordan's opposition to the dispositive motion shall be filed with the Court and served on defendant Tomlinson no later than **twenty-eight (28) days** from the date defendant Tomlinson's motion is filed. Mr. Jordan is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

9. Defendant Tomlinson **shall** file a reply brief no later than **fourteen (14) days** after Mr. Jordan's opposition is filed.

10. All communications by Mr. Jordan with the Court must be served on defendant Tomlinson or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

11. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. **No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.** Mr. Jordan is advised to read Federal Rule of Civil Procedure 37, which requires each party to "in good faith confer[] or attempt[] to confer with" the opposing party regarding a discovery dispute, before seeking court action to resolve such a dispute.

12. It is Mr. Jordan's responsibility to prosecute this case. Mr. Jordan must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

United States District Court
Northern District of California

of Civil Procedure 41(b).

The Clerk shall update the caption to reflect that only defendant Tomlinson remains in this action.

**IT IS SO ORDERED.**

Dated: July 20, 2026

P. Casey Pitts
United States District Judge